

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SYLVIA MARCUS,

                Plaintiff,

v.                                Civil Action No. 3:10CV726

CREDIT COUNSEL, INC.,

Serve: CHRISTOPHER MIHOULIDES, REGISTERED AGENT
       CREDIT COUNSEL INC.
       1400 NE MIAMI GARDENS DR
       SUITE 216
       MIAMI FL 33179

                Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

### III. PARTIES

3. Plaintiff, Sylvia Marcus, is a natural person residing in Sterling, Virginia.

4. Defendant, Credit Counsel, Inc., is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Miami, Florida. One of the principal purposes of Credit Counsel, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Barry Marcus (hereinafter "Mr. Marcus"), Plaintiff's son, has handled his mother's financial affairs since the summer of 2009, including having power of attorney for his mother.

7. In May 2009, Mr. Marcus contracted with Value Care to provide in home assistance for his mother, Plaintiff Sylvia Marcus. Plaintiff has a long-term health care policy with Bankers Life who would in turn pay Value Care a certain amount of their fees. On certain occasions, the checks from Bankers Life and Casualty Company (hereinafter "Bankers Life") to Value Care came directly to Plaintiff payable to her and Mr. Marcus who, in turn, deposited the checks and wrote a check to Value Care for the same amount received from Bankers Life. At the beginning of March 2010, Mr. Marcus terminated his mother's contract with Value Care.

8. Value Care alleges that not all of the payments sent to Plaintiff from Bankers Life were sent to them. Mr. Marcus disagrees and has sent Value Care copies of

Bankers Life statements showing that they were paid the total amounts sent to Plaintiff and the amount in turn, Plaintiff sent to Value Care.

9. On July 14, 2010 at 11:00 a.m., Mr. Marcus received a phone call at work from a collector employed by Defendant who called herself "Rose West," requesting that he pay a debt of $6,900 that she said he allegedly owed to "Value Care." Mr. Marcus explained to "Rose West" that "Bankers Life Insurance" was responsible for the debt for his mother's in home healthcare. It was clear to "Rose West" that she was not talking to Plaintiff, but rather Plaintiff's son, but "Rose West" continued to allege that Mr. Marcus owed the debt the Defendant was attempting to collect for his mother's healthcare.

10. Later that same day at 12:22 p.m. on July 14, 2010, Mr. Marcus received an email from "Rose West." A copy is attached as **EXHIBIT A**.

11. On July 15, 2010 at approximately 11:30 a.m., a collector employed by Defendant who stated he was a "manager" called Mr. Marcus. During the phone call on Mr. Marcus stated to the collector that he was disputing the debt on behalf of his mother and to stop calling him. Defendant collector raised his voice and stated that Plaintiff had "7 days to pay."

12. On July 19, 2010, Plaintiff received a letter dated July 15, 2010 from Defendant indicating her responsibility for the debt, stating in part, "This account has been assigned to our Agency for Collection." The balance owed is listed as $6,966.82. A copy is attached as **EXHIBIT B**.

13. On July 20, 2010 at 12:10 a.m., collector "Rose West" called Mr. Marcus again requesting payment. Mr. Marcus responded that Defendant was not to call him or

email him again and hung up. Defendant then called Mr. Marcus' cell phone and did not leave a message. Defendant called Mr. Marcus' work phone and stated words to the effect of "You have 72 hours to resolve the debt."

14. On July 29, 2010 at 10:00 a.m., a collector for the Defendant, using the phone number 786-323-0026, called Linda Hoffman, Plaintiff's niece, who lives in Florida. Defendant collector said his name was "Fred White" and that he was calling from Value Care. He stated that Plaintiff owed a debt to Value Care that was overdue and wanted to know who Plaintiff's power of attorney was. Linda Hoffman told him that she would not provide this information but to contact Mr. Marcus, Plaintiff's son. He would not stop questioning her so she hung up on him.

15. Later the same day, July 29, 2010 at 9:30 a.m., Defendant also called Mr. Marcus' cell phone and left a message asking Mr. Marcus to have his attorney contact him. Later that same day, Defendant called Mr. Marcus' home phone and left a message stating: "You have 48 hours to get back to me or have your attorney contact me."

16. Defendant sent Plaintiff a letter dated July 30, 2010 requesting payment on the debt. This time the balance listed was $6,837.14 and the original creditor is listed as "Alternative Home Health Care," which is not the original creditor's name. A copy is attached as **EXHIBIT C.**

17. On August 4, 2010, "Rose West," employed by Defendant, called Mr. Marcus at work and said he needed to have his lawyer contact them. On the same day, "Rose West" sent Mr. Marcus an email stating that Mr. Marcus was responsible for the alleged debt. The email also attached copies of the invoices from Value Care which

4

indicates the services provided for Plaintiff. A copy of the email and the invoices are attached as **EXHIBIT D**.

18. On August 10, Mr. Marcus, on behalf of his mother, sent a letter to Defendant disputing the debt and requesting it to cease and desist contacting him or his mother.

19. On August 13, 2010, a collector employed by Defendant who called himself "Frank Waters" called Mr. Marcus and stated that they had received Mr. Marcus' cease and desist letter but that he was still responsible for the money he owes. "Frank Waters" stated to Mr. Marcus "I am going to sue you. You better have a lawyer."

20. On August 24, 2010, Mr. Marcus received a call from a collector employed by Defendant who called himself "Frank Waters" and stated that Mr. Marcus' lawyer needs to call him.

21. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to cease communications after being directed to do so by Plaintiff's son who has power of attorney for my client §1692(c)(C);

b) Communicating with persons other than my client <u>for purposes other than to locate my client</u> and communicating specific information about the debt owed §1692b(1 &3));

c)  Threatening to take legal action against Plaintiff and her son that cannot be taken or is not intended to be taken. §1692(e)(5)

d)  Failing to cease collection activities after receiving a written request disputing the debt within the thirty-day period and before it verified the debt. §1692(g)(b);

e)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer including representing that Plaintiff's son, Mr. Marcus was responsible for the debt, when in fact, he is not the debtor. §1692(e)(10)

f)  The false representation of the character, specifically the original creditor, of any debt. §1692(e)(2)(A).

## V. FIRST CLAIM FOR RELIEF

22. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

23. Defendant violated the FDCPA as noted above.

24. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

C. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

        **Respectfully submitted,**

        **SYLVIA MARCUS**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff